UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/3/16

BRENTLOR, LTD.,

          Plaintiff,

- against -

LAWRENCE H. SCHOENBACH, ET AL.,

          Defendants.

13-cv-6697 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

    The Court has received the parties' recent correspondence, ECF Nos. 152-54, 156, the plaintiff's motion to preclude certain of the defendants' proposed trial exhibits, ECF No. 155, the defendants' response, ECF No. 158, and the plaintiff's reply, ECF No. 159. The defendants seek to amend the joint pretrial order to include new exhibits. The parties now agree that defendants' initial proposed exhibits 4-6, 8-10, and 14 are duplicates of those already designated by the plaintiff, and the defendant has submitted to the Court a revised exhibit list which includes twelve proposed exhibits. The Court will refer to the defendants' proposed exhibits according to the revised numbering. Brentlor moves to preclude the introduction of proposed exhibits DX1-10 and DX 12. The plaintiff consents to the introduction of DX11.

    This trial was initially set to begin on July 11, 2016. At the first final pretrial conference on June 13, 2016, the

1

defendants' counsel Mr. Brenner represented that the only two exhibits the defendants sought to introduce were the Complaint and the affidavit of Tom Cuddy. See ECF. No. 94, p. 17. Relying on that representation, the Court denied the plaintiff's motion in limine as moot. ECF. No. 95.

The trial was then adjourned to September 26, 2016 because of the illness of defense counsel. The Court held a second final pretrial conference on September 20 at which the Court adopted the defendants' proposed joint pretrial order, ECF No. 94, which included only the two defense exhibits referenced by Mr. Brenner at the June 13 conference. At no point did the defendants suggest any amendment to that pretrial order. In fact, Mr. Brenner represented at that pretrial conference that the only two additional documents sought to be introduced in the defendants' case in chief that were not already part of the plaintiff's case were the two documents listed on the pretrial order, to which there was no objection. Mr. Brenner represented that there were no additional documents above and beyond what was already in the pretrial order.

On September 22, 2016, four days before trial was to begin, the defendants filed an "emergency letter motion" seeking to amend their exhibit list and introduce additional documents at trial, including a purported "draft MT 760," a screen shot of Mr. Schoenbach's computer, and the affidavit of Mr. Schoenbach.

2

See ECF No. 129. That application did not seek to introduce any other new exhibits. On September 23 the Court held a telephone conference to consider the defendants' application. At no point during that conference did the defendants indicate that they sought to add any exhibits other than those listed in their letter of September 22.

The trial was then adjourned to December 5, 2016 to provide the parties an opportunity to examine Mr. Schoenbach's hard drive and determine the authenticity and provenance of the purported "draft MT 760." See ECF No. 132. The parties appeared for a third final pretrial conference on Monday, November 28. In anticipation of that conference, the defendants submitted a letter expressing concern that certain of the plaintiff's proposed trial exhibits were selective extractions "from a 'string' of related emails." ECF No. 145 p. 3. The defendants for the first time requested, although without a formal motion, "leave to amend their Exhibit List to include complete copies of the Cuddy Exhibits, reflecting the entirety of each of the exchanges as produced during discovery." Id. The request did not define the scope of the "Cuddy Exhibits," nor did it attach those proposed exhibits to the letter.

In any event, at the November 28 conference, the defendants explained their concern that the entire email chains were not included in the plaintiff's proposed exhibits. The plaintiff

3

agreed that if a document was incomplete, it would be fixed and a new document would be provided. The Court indicated that the defendants would be permitted to amend their exhibit list to include any emails that were "missing" from the email chains otherwise included in the plaintiff's exhibit list although the plaintiff had otherwise undertaken to assure that the email chains were complete. Therefore, to the extent that the defendants' proposed exhibits are in fact emails that were "missing" from the chains included in the plaintiff's exhibit list, those exhibits may be added to the defendants' exhibit list. The plaintiff's motion to preclude those exhibits is therefore denied. The parties have not indicated in their papers which, if any, of the new proposed defense exhibits are in fact missing emails from email chains otherwise marked as exhibits by the plaintiff.

To the extent, however, that the defendants' proposed exhibits constitute freestanding emails not within the email chains already contained in the plaintiff's exhibit list, the plaintiff's motion is granted and those exhibits are precluded. The defendants claim that there was some understanding that they could use as exhibits any documents that were produced in connection with a possible deposition of Tom Cuddy, but the representations at the three final pretrial conferences do not support such an assertion and the final pretrial order was never

4

amended to list such documents. The plaintiff never agreed that the pretrial order should be amended to incorporate the so-called "Cuddy Exhibits" en masse, nor did the Court authorize such amendment. Indeed, when the defendants noted at the November 28 conference that there were some email chains that were incomplete, the plaintiff agreed to complete any such chains but reserved any objection to documents that were not previously stipulated to or identified in the joint pretrial order.

The defendants also argue that they expected Mr. Cuddy to testify and they could have used the proposed exhibits to examine him. However, there was no requirement that the plaintiff call all of the witnesses they listed in the pretrial order. If the defendants sought to preserve Mr. Cuddy's testimony, they could have deposed him, but they chose not to do that. They also could have listed their proposed exhibits in the joint pretrial order on any occasion when the Court asked them if there were any other exhibits. They chose not to do that either.

A final pretrial order may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Although "a court may permit [a] pretrial order to be amended when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving

5

party[,] if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference . . . then it may not be allowed." Potthast v. Metro-North R.R. Co., 400 F.3d 143, 154 (2d Cir. 2005) (quotation marks omitted). The emails that the defendants seek to add to the exhibit list were well-known to them at the time of the various final pretrial conferences. Failure to amend will not "result in an injustice to the moving party," Potthast, 400 F.3d at 154, much less produce "manifest injustice." Indeed, the plaintiff had the right to rely on the representations made by the defendants that there were no additional documents. The plaintiff also plausibly argues that it would be prejudiced by the inclusion of additional documents because it might be required to place these documents in context.

The defendants' efforts to list as an exhibit the so-called "Marton email," DX9, is an egregious disregard of this Court's prior ruling. This court previously ruled that the document could be used on the cross-examination of Marton but not introduced as an exhibit in the defendants' case-in-chief. Mr. Marton is not currently expected to testify at trial and therefore there is no occasion for the use of the document.

The plaintiff also correctly observes that the Vestigant report, the defendants' proposed exhibit DX12, is inadmissible hearsay under Federal Rules of Evidence 801 and 802. It is also

6

irrelevant. The plaintiff's motion to exclude DX12 is therefore granted.

In sum, the plaintiff's motion to preclude is **granted** as to DX9 (the "Marton Email"), DX12 (the Vestigant report), and any of the exhibits that are not part of a "chain" of emails already included in the plaintiff's exhibit list. The motion is **denied** as to any exhibits that are part of such a chain.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **December 3, 2016**

_____
                    John G. Koeltl
             United States District Judge