USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/3/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRENTLOR, LTD.,

           Plaintiff,

  - against -

LAWRENCE H. SCHOENBACH, ET AL.,

           Defendants.

---

13-cv-6697 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The Court has reviewed the motion for a protective order, ECF No. 157, by the defendants, and the response, ECF No. 160, and rules as follows:

(1) The defendants should immediately produce to the plaintiff the documents contained on the Yahoo! disc with the exception of any documents as to which they claim a privilege. This includes the documents on the purported privilege log included in ECF No. 157, as to which the defendants say that they are not asserting a privilege. The Yahoo! disc was obtained pursuant to a subpoena in this action and the plaintiff has the right to see those documents. Indeed, the Court ordered that they be produced to the plaintiff. The fact that the defendants now claim that the documents are not relevant is not a basis to avoid producing that production from a third party. See United States v. First Data, 287 F. Supp. 2d 69, 72 (D.D.C. 2003) (directing that "any documents produced to a party by a non-party, pursuant to a Rule 45 subpoena for documents, shall be copied by the party that issued the subpoena and served by overnight delivery by that party on the other side within one business day

after the receipt of the documents"); see also Fed. R. Civ. P. 45(a) advisory committee's note to 2013 amendment.

(2) The privilege log is insufficient. If the defendants continue to assert a privilege with respect to any such documents, the defendants should provide a log that complies with Local Rule 26.2, including a listing of the author, the recipient, and any other addresses, and where not apparent, the relationship among the author, recipient, and any other addresses, and the general subject matter of the document. The Court accepts, based on Mr. Schoenbach's affidavit, that he is asserting an attorney-client privilege with respect to such documents, but he has thus far failed to show that such a privilege applies. The log should be provided by 5:00 p.m. on December 4, 2016. The defendants should bring copies to court on Monday, December 5, of any emails for which they are continuing to assert an attorney-client privilege.

**SO ORDERED.**

**Dated:**   **New York, New York**
           **December 3, 2016**

                                   _____
                                         John G. Koeltl
                                   **United States District Judge**