**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**BRENTLOR, LTD.,**

          **Plaintiff,**

    - against -

**LAWRENCE H. SCHOENBACH, ET AL.,**

          **Defendants.**
────────────────────────────────────

13-cv-6697 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    This is another motion to dismiss for lack of subject matter jurisdiction. In their prior motion to dismiss, the defendants argued that the plaintiff lost standing to bring this case when it was dissolved in late 2013. The Court denied the motion because the plaintiff, an Irish corporation, was reincorporated during the pendency of the motion. Now, in their second motion to dismiss, the defendants argue that under Irish law, when Brentlor was dissolved, its assets -- including all "chose-in actions" -- became the property of the Republic of Ireland, and that although the corporation was reinstated, the action itself has not been restored to Brentlor. All of this is based on the reading of Irish law by the defendants' counsel.

    In response, the plaintiff relies upon the opinion of an Irish barrister, who opines that Brentlor was restored to full status in Ireland and thus maintains the right to bring this

1

action.[1] The Irish barrister refers to a letter from the Revenue Solicitor indicating that an order directing that outstanding tax documentation be submitted was not required in this instance. See Perri Decl. in Opp. to Mot., Ex. A p. 2 (opinion of Irish barrister Brian Walker); p. 9 (letter sent on behalf of the Revenue Solicitor). The Irish High Court restored Brentlor to full status "as if it had not been struck off the register" in the first place. Perri Decl. Ex. A p. 5 (January 18, 2017 Order of the High Court). Speculation by defendants' counsel is simply contrary to the documents provided by Brentlor, which reflect that the company's status is "normal" and is the same as it was before its dissolution. Perri Decl. Ex. A p. 6 (Brentlor Limited Company Report). The defendants' unsupported speculation that the right to the chose-in action remains with the Republic of Ireland therefore fails. Moreover, as the Court explained

---

[1] A determination of foreign law is a "ruling on a question of law." Fed. R. Civ. P. 44.1. Although the defendants have not raised the issue, the Court notes that opinions regarding the interpretation of foreign law are generally offered in affidavit form. See, e.g., Biocon Ltd. v. Abraxis Bioscience, Inc., 2016 WL 5817002, at *3 (S.D.N.Y. Sept. 26, 2016) (noting that "[g]enerally [expert] affidavits are the minimal formal requirements" for the interpretation of foreign law) (quoting Application of Chase Manhattan Bank, 191 F. Supp. 206, 209 (S.D.N.Y. 1961), aff'd, 297 F.2d 611 (2d Cir. 1961)); NML Capital, Ltd. v. Republic of Argentina, 2013 WL 491522, at *3 (S.D.N.Y. Feb. 8, 2013) ("Generally, sworn testimony or affidavits are preferable to support an argument" regarding foreign law.). The plaintiff should submit the opinion of its Irish barrister in the form of an affidavit or equivalent attestation by March 31, 2017.

when dismissing the defendants' prior motion, the defendants' reliance on cases regarding a party's ability to remedy a standing deficiency under Rule 17 of the Federal Rules of Civil Procedure by substituting one party for another is misplaced because no such substitution is necessary here.[2]

In their reply brief, the defendants -- still without an opinion from an authority on Irish law -- abandon any claim that Brentlor's assets, including this action, were not restored to it when the company was restored to normal status. Instead, the defendants shift positions yet again, arguing that Brentlor must still submit back tax filings and that its restoration is therefore "subject to retroactive rescission." Defs. Reply Brief p. 2. In other words, the defendants argue that because the company's status might be revoked at some point in the future, it lacks standing to pursue the action.

---

[2] In Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.á.r.l., the Court of Appeals considered whether the district court abused its discretion in denying substitution of the real party in interest under Rule 17 where the plaintiff lacked title to the notes which formed the basis of the suit. 790 F.3d 411, 416 (2d Cir. 2015). Similarly, Advanced Magnetics, Inc. v. Bayfront Partners, Inc. involved an insufficient assignment of claims to the plaintiff and, in any event, the Court there concluded that the district court had erred in denying leave to amend to add the real party in interest as to those claims. 106 F.3d 11, 18 (2d Cir. 1997); see also Tech-Sonic, Inc. v. Sonics & Materials, Inc., 2016 WL 3962767, at *1 (D. Conn. July 21, 2016) (considering a plaintiff who had not been granted a valid assignment and therefore was not the real party in interest).

The documentation plainly establishes that Brentlor has been restored to full and normal status. The opinion of the Irish barrister explains that, in the event that Brentlor fails to submit such documents (which are allegedly being prepared), the Registrar of Companies "may commence enforcement proceedings against the Company." Perri Decl. Ex. A p. 3. That does not mean that Brentlor lacks standing to sue. Rather, it appears analogous to the position of any company in the United States which, if it fails to comply with filing requirements, could be the subject of an enforcement proceeding. The defendants cite no authority for the proposition that the possibility of future enforcement proceedings deprives a company of its standing to sue.

The defendants also argue that the Court should order discovery on the issue of standing. There is no need for discovery on this or any other issue. The Court may limit discovery if the Court determines that "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2)(C). The defendants had every opportunity to collect Irish court documents and to retain their own expert on Irish law. They chose not to seek out such an expert. Moreover, the defendants muddle the current dispute regarding standing with allegations regarding the manner in which Brentlor obtained the funds that

4

it entrusted to the defendants. The defendants also had ample opportunity to explore that issue during the course of discovery, and it does not serve as a basis for reopening discovery now.

In sum, the plaintiff had the capacity to sue at the commencement of this litigation and -- having been restored to the Irish Register of Companies such that it now enjoys normal corporate status -- it retains that capacity now. The motion to dismiss is therefore **denied.** The Clerk is directed to close ECF No. 189. Trial will begin on **April 17, 2017 at 9:00 a.m.**

**SO ORDERED.**

**Dated:**    **New York, New York**
          **March 24, 2017**　　　　　_____/s/_____
                                              **John G. Koeltl**
                                      **United States District Judge**