UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

BRENTLOR LTD.,

                    Plaintiff,                    13-cv-6697 (JGK)

        - against -                              MEMORANDUM OPINION &
                                                 ORDER
LAWRENCE H. SCHOENBACH and LAW
OFFICES OF LAWRENCE H. SCHOENBACH                USDC SDNY
PLLC,                                            DOCUMENT
                                                 ELECTRONICALLY FILED
                    Defendants.                  DOC# _____
                                                 DATE FILED: 12/4/17
────────────────────────────────

JOHN G. KOELTL, District Judge:

     This is a motion pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure filed by the defendants, Lawrence H.

Schoenbach and the Law Offices of Lawrence H. Schoenbach

(collectively, "Schoenbach"), to vacate the April 27, 2017,

judgment entered by this Court principally in favor of the

plaintiff, Brentlor Ltd., following a jury trial and to stay

post-judgment enforcement. Schoenbach argues that the judgment

is void because Brentlor, an Irish company, no longer exists and

did not exist at the time of trial by operation of Irish law.

For the following reasons, Schoenbach's motion is **denied.**

                                I.

     In September, 2013, Brentlor sued Schoenbach for breach of

contract, breach of fiduciary duty, and fraud, among other

claims, arising out of a failed transaction in which Brentlor

paid $250,000 to Internations, Inc., in exchange for a promise

to obtain a letter of credit from a reliable financial institution. Compl. ¶¶ 5-29, 33-36. Schoenbach served as the attorney for Internations and as an escrow agent in connection with this transaction. Compl. ¶¶ 6-8. Brentlor invoked subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2), alleging that Brentlor is a corporation incorporated under the laws of the Republic of Ireland and both defendants are citizens of New York State. See Compl. ¶ 2.

Effective December 6, 2013, the Registrar of Companies for the Republic of Ireland (the "CRO"), the official registrar of companies in Ireland, designated Brentlor "Dissolved" and struck it from the register of active companies. See Burke Aff. ¶ 12. Brentlor's status as a dissolved company was discovered and reported to this Court shortly before trial was scheduled to begin on December 5, 2016. The Court adjourned the trial to permit Schoenbach to move to dismiss Brentlor's complaint based on this new information. See Order, Dec. 5, 2016.

Schoenbach filed a motion to dismiss in December, 2016, arguing that, as a result of Brentlor's new corporate status, the Court lacked subject matter jurisdiction over the dispute, the Court lacked personal jurisdiction over Brentlor, and the complaint failed to state a claim upon which relief can be granted.

On January 16, 2017, while Schoenbach's motion to dismiss was pending, the Irish High Court issued an order restoring Brentlor to the CRO register of active companies and decreeing that Brentlor "shall be deemed to have continued in existence as if it had not been struck off the register." Ex. A to Defs.' Mem. of Law 2. However, the Irish High Court stated that its order "shall not have effect" unless two of Brentlor's directors deliver "outstanding annual returns in accordance with Part 6 to the Registrar of Companies for the period from 2012 to 2015 within the period of six months" -- i.e., by July, 2017. Id.

Brentlor informed this Court of the Irish High Court's order regarding Brentlor the day after it issued. Letter from Justin B. Perri, Jan. 17, 2017. The Court denied Schoenbach's motion to dismiss for the reasons stated on the record at a conference held on February 10, 2017. See Order, Feb. 13, 2017.

Schoenbach made a second motion to dismiss for lack of jurisdiction dated February 17, 2017, and filed on February 24, 2017, raising new arguments in light of the Irish High Court's January 16, 2017, restoration order. In response, Brentlor submitted an opinion from Bryan Walker, a barrister-at-law practicing in Dublin, Ireland, which clarified that Brentlor had been restored to the CRO's register of active companies. Walker opined that Brentlor could be removed from the CRO register only if the Brentlor directors did not file annual returns for the

period 2012 to 2015 by July, 2017, and if the CRO then commenced enforcement proceedings against Brentlor. Accordingly, the Court denied Schoenbach's second motion to dismiss for lack of jurisdiction. See Mem. Op. & Order, Mar. 27, 2017.

A jury trial was held in April, 2017. The jury returned a verdict finding Schoenbach liable for breach of contract and breach of fiduciary duty but not liable for fraud. Judgment was entered on April 27, 2017, in accordance with the verdict.

In or after August, 2017, Schoenbach searched the CRO's website for Brentlor's record of submissions and discovered that Brentlor's directors had not filed the annual returns for the period from 2012 to 2015 by July, 2017, as required by the Irish High Court's restoration order. Schoenbach then moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment.

The CRO register currently lists Brentlor as a company in "Liquidation." Perri Decl. Ex. A, at 1. According to a new legal opinion of barrister Walker submitted by Brentlor in connection with the present motion, Brentlor is "in liquidation" but "is currently active, . . . not struck off nor . . . dissolved nor . . . deemed dissolved." Perri Decl. Ex. C, at 1, 5. Brentlor's record of submissions on the CRO's website indicates that a liquidator was appointed for Brentlor on July 28, 2017. Ex. D to Defs.' Mem. of Law; see Burke Aff. ¶ 26. To this day, there is

no evidence that Brentlor's directors have filed the 2012-2015 annual returns, and there is no record of any enforcement proceedings initiated by the CRO against Brentlor.

Schoenbach moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment entered in Brentlor's favor by this Court following the jury trial and to stay all post-judgment enforcement on the ground that Brentlor is a dissolved company by operation of Irish law and was such when judgment was entered.

Rule 60(b) exists to strike a balance between "serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually. Id. Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances," id., and must be supported by "highly convincing" evidence, Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017).

Rule 60(b) sets forth the grounds by which a court, in its discretion, can provide relief from a final judgment or order. See Fed. R. Civ. P. 60(b); Nemaizer, 793 F.2d at 61. Rule 60(b) allows a court to relieve a party from a final judgment for,

among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); see also Cummins v. SunTrust Capital Mkts., Inc., No. 07-cv-4633, 2010 WL 985222, at *2 (S.D.N.Y. Mar. 17, 2010).

### III.

Schoenbach's Rule 60(b) motion rests on the newly discovered evidence justification. See Fed. R. Civ. P. 60(b)(2). Schoenbach argues that the Brentlor directors' failure to submit by July, 2017, the 2012-2015 annual returns renders the Irish High Court's January 16, 2017, order without effect by operation of law. Therefore, Schoenbach concludes that under Irish law Brentlor is currently a dissolved company and should be deemed to have been a dissolved company after December, 2013, thereby destroying the Court's subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2).[1]

---

[1] Schoenbach argues that Irish law governs the question of Brentlor's corporate status, and Brentlor offers no response. The Court therefore looks to Irish law to determine Brentlor's corporate status.

Schoenbach has failed to adduce "highly convincing" evidence that Brentlor is dissolved under Irish law. See Thai-Lao, 864 F.3d at 182. The CRO currently lists Brentlor as an active company in liquidation, not a dissolved company. Brentlor's submission of the CRO website corroborates that listing, because it indicates that a liquidator has been appointed for Brentlor. And there is no indication that the CRO has initiated enforcement proceedings against Brentlor, as barrister Walker opined would be required under Irish law before Brentlor could again be listed as a dissolved company.

Schoenbach argues that even though the CRO lists Brentlor as an active company in liquidation, the CRO should have listed Brentlor as dissolved because the term in the Irish High Court's January 16, 2017, order conditioning Brentlor's restoration on its directors submitting the 2012-2015 annual returns by July, 2017, is self-executing. An opinion from Schoenbach's own Irish law expert, Hugh Byrne, demonstrates that Schoenbach's interpretation of the Irish High Court's order is incorrect. Byrne states that "[t]he CRO has been contacted with a view to ascertaining" the consequences of a company's failure to abide by a requirement in a restoration order, as in this case. Byrne Op. 11. The CRO replied that, in that scenario, "it would list the company for strike off" from the CRO register of active companies. Id. Notably, the CRO did not state that it would

strike the company immediately or that the company would be
stricken by operation of law. Id.; see also Ex. A to Defs.' Mem.
of Law of Jan. 5, 2017, at 1 (stating that in 2013 Brentlor was
twice designated "Strike Off Listed" before being official
stricken off the register on December 6, 2013). There is no
evidence in this case that after the January 16, 2017,
restoration order the CRO has listed Brentlor for strike off or
taken any action to strike Brentlor from the register of active
companies. Moreover, Byrne opines that "if sought, a [c]ourt
would grant a declaration that Brentlor is dissolved from
December 2013." Id. (emphasis added). There is no evidence that
any such declaration has been sought.

Relying on Byrne's interpretation of Irish law, Schoenbach
asserts that "a liquidator should not have been appointed" for
Brentlor and that the CRO's interpretation of the consequences
of a company's failure to comply with a requirement in a
restoration order "appears to be wrong." It is not the province
of this Court on a Rule 60(b) motion to decide whether the CRO's
recent treatment of Brentlor has been consistent with Irish law.
If the CRO took some action that was improper or wrong under
Irish law, Schoenbach must seek relief from the CRO or an Irish
court. With such relief in hand, Schoenbach may return to this
Court to assert that it has "highly convincing" evidence that
Brentlor has been dissolved. See Thai-Lao, 864 F.3d at 182. But

on the current record all of official documentation from Irish authorities issued after July, 2017, states that Brentlor remains an active company in liquidation. That is how the Court will treat Brentlor until further changes to its corporate status are made in Ireland.

Accordingly, the newly discovered evidence on which Schoenbach relies does not change the fact that Brentlor remains an active Irish company. Schoenbach does not argue, nor could it, that an active Irish company, whether or not in liquidation, is not a real party for purposes of § 1332(a)(2). Rule 60(b)(2) therefore is not a basis on which to vacate the judgment against Schoenbach because the changes in Brentlor's corporate status after entry of judgment in this case do not destroy subject matter jurisdiction based on diversity of citizenship.

Schoenbach raises for the first time in reply three additional grounds on which to vacate the judgment -- (1) the judgment is void because the Court lacks subject matter jurisdiction, see Fed. R. Civ. P. 60(b)(4); (2) it would be inequitable to permit the judgment to stand, see Fed. R. Civ. P. 60(b)(5); and (3) other reasons justify Rule 60(b) relief, see Fed. R. Civ. P. 60(b)(6). But see Hammond v. Toy Indus. Ass'n, Inc., 8 F. Supp. 3d 484, 493 (S.D.N.Y. 2014) (arguments raised for the first time in reply generally are not considered). Although it cites new subsections of Rule 60(b), Schoenbach's

reply arguments do not raise any novel factual or legal issues but rather consist of strained attempts to force the points Schoenbach raised in his newly discovered evidence argument into the Rule (60)(b)(4), (5), and (6) grounds for vacatur. Schoenbach's arguments in reply thus fail for the reasons stated above. See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) ("Where a claim sounds very much like a claim regarding newly discovered evidence, the claim is controlled by 60(b)(2) and should not be labeled as if brought under a different provision of Rule 60(b)." (internal quotation marks omitted)). Moreover, there is no defect in the Court's subject matter jurisdiction because, as explained above, Brentlor remains an active Irish company, it would not be inequitable for an active foreign company in liquidation to enforce a valid judgment, and it does no harm to concerns of international comity to permit this judgment to stand.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, Schoenbach's motion for a stay of all post-judgment enforcement and to vacate the judgment pursuant to Rule 60(b) of

the Federal Rules of Civil Procedure is **denied.** The Clerk is directed to close the motion at docket number 243.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **December 4, 2017**

                                    **John G. Koeltl**
                                    **United States District Judge**